1 | LINDBERGH PORTER, SBN 100091
NEVILLE F. FERNANDES, SBN 240935
2 | LITTLER MENDELSON
A Professional Corporation
3 | 650 California Street, 20th Floor
San Francisco, CA 94108.2693
4 | Telephone: 415.433.1940
Fax: 415.399.8490
5 | Email: lporter@littler.com
         nfernandes@littler.com
6

7 | Attorneys for Defendant
THE HEARST CORPORATION and HEARST
COMMUNICATIONS, INC. dba HEARST NEWSPAPERS
8

9 | UNITED STATES DISTRICT COURT

10 | NORTHERN DISTRICT OF CALIFORNIA

11

12 | MARSHA GINSBURG,                              Case No. CV-08-3031 JSW

13 |             Plaintiff,                        **DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 41(b), OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT PURSUANT TO FRCP 12(e)**

14 |     v.

15 | HEARST COMMUNICATIONS, INC.;
HEARST CORPORATION; HEARST
16 | NEWSPAPERS,                                   Hearing Date    October 3, 2008
                                                   Time:           9:00 a.m.
17 |             Defendants.                       Judge:          Hon. Jeffrey S. White
                                                   Courtroom:      2
18
                                                   Complaint Filed: June 20, 2008
19

---

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108
415.433.1940

**DEFENDANTS' MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT**   **CASE NO. CV-08-3031 JSW**

# NOTICE OF MOTION AND MOTION

**TO PLAINTIFF AND HER ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that on October 3, 2008, at 9:00 a.m. or as soon thereafter as the matter may be heard, in Courtroom 2 of the above-referenced Court, located at 450 Golden Gate Avenue, San Francisco, California, Defendants THE HEARST CORPORATION AND HEARST COMMUNICATIONS, INC. dba HEARST NEWSPAPERS ("Defendants") will move the Court to dismiss Plaintiff's Complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, or in the alternative, to require Plaintiff to amend her Complaint to provide a more definite statement, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

The Motion will be based upon this Notice, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in the action, and such argument as counsel may present at the hearing of the Motion.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108
415.433.1940

**DEFENDANTS' MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT**  **CASE NO. CV-08-3031 JSW**

**TABLE OF CONTENTS**

**PAGE**

I. INTRODUCTION ...........................................................................................................1

II. FACTUAL BACKGROUND .........................................................................................2

    A. Introduction ........................................................................................................2

    B. Causes of Action .................................................................................................2

        1. First Cause of Action (Title VII) ............................................................2

        2. Second Cause of Action (Age Discrimination In Employment Act) ..............4

        3. Third Cause of Action (Equal Pay Act) .................................................5

        4. Fourth Cause of Action (California Fair Employment And Housing Act) ........5

        5. Fifth Cause of Action (California Labor Code Section 1197.5) ..................6

III. ANALYSIS ....................................................................................................................6

    A. The Complaint Should Be Dismissed Pursuant To Rule 41(b) Because It Fails To Comply With Rule 8(a) or 8(d)(1) ...........................................................6

        1. Legal Standard ......................................................................................6

        2. Plaintiff's Complaint Does Not Meet The Requirements Of Rule 8 ..............6

        3. Defendants Would Be Severely Prejudiced If They Were Forced To Defend Against Plaintiff's Complaint .................................................8

    B. In The Event Plaintiff's Complaint Is Not Dismissed, Plaintiff Should Be Required To Submit A More Definite Statement Pursuant To Rule 12(e) ..........9

IV. CONCLUSION ..............................................................................................................9

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108
415.433.1940

i.

# **TABLE OF AUTHORITIES**

**PAGE**

**CASES**

*Branch v. Tunnell*,
   937 F.2d 1382 (9th Cir. 1991) ..................................................................................................9

*Hearns v. San Bernardino Police Department*,
   2008 U.S. App. LEXIS 13844, *5 (9th Cir. 2008) ................................................................1, 7

*McHenry v. Renne*,
   84 F.3d 1172 (9th Cir. 1996) ............................................................................................1, 6, 7

*Michaelis v. Nebraska State Bar Ass'n*,
   717 F.2d 437 (8th Cir. 1983) ....................................................................................................8

*Nevijel v. North Coast Life Ins. Co.*,
   651 F.2d 671 (9th Cir. 1981) ....................................................................................................8

*Schmidt v. Herrmann*,
   614 F.2d 1221 (9th Cir. 1980) ..................................................................................................8

*Sparrow v. United Air Lines, Inc.*,
   216 F.3d 1111 (D.C. Cir. 2000) ................................................................................................8

*United States ex rel. Garst v. Lockheed–Martin Corp.*,
   328 F.3d 374 (7th Cir. 2003) ....................................................................................................7

*Von Poppenheim v. Portland Boxing & Wrestling Comm'n*,
   442 F.2d 1047 (9th Cir. 1971) ..................................................................................................8

**STATUTES**

29 USC § 255(a) ...........................................................................................................................5

29 USC § 631(a) ...........................................................................................................................5

Cal. Lab. Code § 1197.5 ................................................................................................................6

FED. R. CIV. PROC. 41(b) ..........................................................................................................6, 9

FED. R. CIV. PROC. 8(a) ................................................................................................................6

FED. R. CIV. PROC. 8(d)(1) ...........................................................................................................6

FED. R. CIV. PROC. 84 ...................................................................................................................7

Gov. Code. § 12960 .......................................................................................................................5

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108
415.433.1940

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants THE HEARST CORPORATION and HEARST COMMUNICATIONS, INC. dba HEARST NEWSPAPERS ("Defendants") hereby submit the following memorandum of points and authorities in support of its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(b), or in the alternative, its Motion for a More Definite Statement pursuant to Rule 12(e).

## I.   INTRODUCTION

Plaintiff MARSHA GINSBURG ("Plaintiff") filed her Complaint on June 20, 2008 asserting violations of Title VII, the Age Discrimination in Employment Act, the Equal Pay Act, the California Fair Employment and Housing Act and California Labor Code section 1197.5. Plaintiff's Complaint is verbose and confusing with 53-pages and 134 separate paragraphs, many of which contain over half a page of overly detailed factual allegations pertaining to events that allegedly occurred over 10 to 20 years ago.

Defendants do not have a reasonable basis to decipher which causes of action are being pled against them because Plaintiff asserts all five causes of action, and every single allegation in her Complaint, against "All Defendants." Plaintiff's litany of identical allegations, which all incorporate facts going back almost 25 years, make it impossible to decipher what specific acts are alleged to be unlawful. It would be inefficient to require Defendants to sort out what is pled against each of them through discovery. Plaintiff's Complaint severely prejudices Defendants and violates the straightforward pleading requirements delineated in Rule 8. Defendants have met and conferred with Plaintiff regarding the deficiencies in her Complaint, but Plaintiff has declined to voluntarily amend her Complaint. As a result, court intervention is required. Dismissal pursuant to Rule 41(b) for failure to abide by a Court rule is warranted or, in the alternative, an order requiring Plaintiff to file a more definite statement pursuant to Rule 12(e) should be made. *See Hearns v. San Bernardino Police Department*, 2008 U.S. App. LEXIS 13844, *5 (9th Cir. 2008) (Court should dismiss a complaint which does not "state clearly how each and every defendant is alleged to have violated plaintiffs' legal rights"); *McHenry v. Renne*, 84 F.3d 1172, 1176 (9th Cir. 1996) (rejecting complaint where it was "mostly an extended narrative of the details of the various activities of plaintiff.").

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108
415.433.1940

DEFENDANTS' MOTION TO DISMISS OR FOR A
MORE DEFINITE STATEMENT

CASE NO. CV-08-3031 JSW

## II. FACTUAL BACKGROUND

### A. Introduction

Each of Plaintiff's five separate causes of action mix the same legal theories and facts. Plaintiff incorporates a litany of alleged statutory violations against all Defendants, without differentiating between different Defendants or different bases for relief. (*See e.g.* Complaint, ¶¶ 100, 110, and 123). The end result is that Defendants cannot reasonably decipher what facts form the basis of each of Plaintiff's claims. The Complaint also contains numerous time-barred allegations that allegedly occurred as far back as 20 years ago. The above problems are compounded by the numerous immaterial allegations and background facts contained in the Complaint as well as the journalistic-style in which the Complaint is drafted. (*See e.g.* Complaint, ¶¶ 17; 28; 34). Below is a description of the problems with each cause of action.

### B. Causes of Action

#### 1. First Cause of Action (Title VII)

In her first cause of action, Plaintiff asserts a gender discrimination claim in violation of Title VII that incorporates facts from over 20 years ago during her employment as a reporter for the San Francisco Examiner and later the San Francisco Chronicle. Many of Plaintiff's allegations are time-barred. Plaintiff admits in her Complaint that she had knowledge of alleged discriminatory conduct several years ago, yet she did not file an administrative charge or a lawsuit until recently. For instance:

- In 1988, Plaintiff alleges that she was an "active member of the women's caucus, a group of roughly 10-15 women formed to investigate salary and job disparity" who "looked into the possibility of legal action based on gender (female) against the Examiner." (Complaint, ¶ 20).

- In 1992, Plaintiff alleges that she mentioned to an editor that "she felt she was being treated discriminatorily based on her gender." (Complaint, ¶ 26).

- Plaintiff alleges that in 2000 another Chronicle employee made an allegedly disparaging remark about women. (Complaint;¶ 35).

- Plaintiff had a conversation with the publisher of the Chronicle in 2001 about the treatment of women at the paper. (Complaint, ¶ 37).

- Plaintiff made a complaint of discrimination in May 2004 related to gender discrimination and retaliation. (Complaint, ¶57).

DEFENDANTS' MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT   CASE NO. CV-08-3031 JSW

2.

1  Plaintiff's first cause of action also contains numerous irrelevant allegations that
2  make it difficult for Defendants to understand the underlying allegations of her Complaint. To give
3  but a few examples:1

- Plaintiff spends a full-page detailing salary negotiations from 1987. (Complaint, ¶ 17).
- Plaintiff includes a full-page paragraph just to describe her allegations from when she worked in the Washington DC bureau of the San Francisco Examiner in 1987. (Complaint, ¶ 17).
- Plaintiff mentions that she was the lead reporter on the Loma Prieta earthquake story in 1989. (Complaint, ¶ 22).
- Plaintiff alleges that she went to France from 1990 to 1991 after getting a formal leave of absence. (Complaint, ¶ 23).
- Plaintiff spends nearly a full-page describing her experiences at the Democratic National Convention in New York during the summer of 1992. (Complaint, ¶ 25).
- Plaintiff states that she "got an assignment watching a death penalty execution" in 1994. (Complaint, ¶ 31).

Plaintiff finishes her first cause of action with the following exhaustive list of 18 different reasons why Title VII has allegedly been violated.

> 100. Defendants and each of them have violated 42 U.S.C. Section 2000e-2 in that the [sic] have discriminated against plaintiff because of her sex (female) with respect to the terms and conditions of her employment, including, without imitation, as follows: (a) by discharging her and involuntarily laying her off, based on her being female; (b) by discriminating against plaintiff in terms of assignments, based on her being female; (c) by discriminating against plaintiff in terms of pay, wages, and pay raises based on her being female; (d) by discriminating against plaintiff in terms of shifts and schedules based on her being female; (e) by discriminating against plaintiff in terms of imposing discipline on her because of her sex (female); (f) by discriminating against plaintiff in terms of performance reviews and performance evaluations and feedback on her performance based on her sex (female); (g) by refusing to provide accommodation for her disability/medical condition related to her sex (female); (h) by denying her equal opportunity to compete for and be considered for positions based on her sex (female); (i) by making restructuring and/or other employment decisions, to plaintiff's detriment, based on plaintiff's sex (female); (j) by denying plaintiff a transfer to other positions and assignments, based on her sex (female); (k) by discriminating against plaintiff related to her having taken a legitimate leave of absence based on her sex (female); (1) by discriminating against plaintiff on decisions based on granting and/or extending leaves of absence based on her sex (female); (m) by discriminating against plaintiff based issues pertaining to part-time and/or full-time status based on her sex

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108
415.433.1940

DEFENDANTS' MOTION TO DISMISS OR FOR A
MORE DEFINITE STATEMENT

CASE NO. CV-08-3031 JSW

3.

1  (female);(n) by discriminating against plaintiff in terms of allowing her to work at home or not based on her sex (female); (o) by discriminating against plaintiff in terms of vacations based on her sex (female); (p) by demoting plaintiff; (q) by taking adverse personnel actions against her based on her sex (female); (c) by discriminating against plaintiff in compensation, terms, conditions, and privileges of her employment based on her sex (female); and (s) by limiting, segregating, and/or classifying plaintiff in a way which deprived or tended to deprive plaintiff of employment opportunities or otherwise adversely affected her status as an employee based on her sex (female).

101.   Defendants and each of them have violated 42 U.S.C. Section 2000e-3 in that they have discriminated and retaliated against plaintiff, including, without limitation based on and related to her protesting, opposing, and resisting practices made unlawful under Title VII, by acting in an adverse and hostile way to her related thereto, including, without limitation, as follows: (a) by discharging her and involuntarily laying her off; (b) by discriminating against plaintiff in terms of assignments; by discriminating against plaintiff in terms of pay, wages, and pay raises;(d) by discriminating against plaintiff in terms of shifts and schedules; (e) by discriminating against plaintiff in terms of imposing discipline on her; (f) by discriminating against plaintiff in terms of performance reviews and performance evaluations and feedback on her performance; (g) by refusing to provide accommodation for her disability/medical condition;(h)   by denying her equal opportunity to compete for and be considered for positions; (i) by making restructuring and/or other employment decisions, to plaintiff's detriment; (j) by denying plaintiff a transfer to other positions and assignments; (k) by discriminating against plaintiff related to her having taken a legitimate leave of absence; (1) by discriminating against plaintiff on decisions based on granting and/or extending leaves of absence; (m) by discriminating against plaintiff based issues pertaining to part-time and/or full-time status; (n) by discriminating against plaintiff in terms of allowing her to work at home or not; (o) by discriminating against plaintiff in terms of vacations; (p) by demoting plaintiff; (q) by taking adverse personnel actions against plaintiff; (r) by discriminating against plaintiff in compensation, terms, conditions, and privileges of her employment; and (s) by limiting, segregating, and/or classifying plaintiff in a way which deprived or tended to deprive plaintiff of employment opportunities or otherwise adversely affected her status as an employee.

(Complaint, ¶¶ 100-101).

Defendant is left with the job of guessing which facts are tied to which alleged violation and which facts are irrelevant background information.

### 2.   Second Cause of Action (Age Discrimination In Employment Act)

Plaintiff's second cause of action for age discrimination incorporates by reference the first 98 paragraphs of her Complaint.  (Complaint, ¶ 108).  The 98 paragraphs that Plaintiff

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108
415.433.1940

DEFENDANTS' MOTION TO DISMISS OR FOR A
MORE DEFINITE STATEMENT

CASE NO. CV-08-3031 JSW

4.

1  references, however, contain several allegations from before 1995. Since Plaintiff was born on
2  August 10, 1955 (Complaint, ¶ 8), she would not have been protected by the ADEA until 1995,
3  therefore making many of the allegations in the first 98 paragraphs (See Complaint, ¶¶ 17-31) time-
4  barred because they occurred before 1995. *See* 29 USC § 631(a) (ADEA only covers employees age
5  40 and older).

6  Moreover, the first 98 paragraphs deal almost solely with gender discrimination-
7  related allegations. Defendants cannot locate a single viable age discrimination-related allegation in
8  the first 98 paragraphs, and no additional facts are included within the second cause of action to
9  substantiate an age discrimination claim. Instead of separating her viable age discrimination-related
10 allegations from her other claims, Plaintiff simply lumps them all together, thereby making it
11 impossible for Defendant to decipher the facts that support her age discrimination claim versus those
12 that support her other claims. Moreover, Plaintiff inserts the same exhaustive list of 19 reasons for
13 the alleged statutory violation that she sets forth in her first cause of action, which places Defendants
14 in the difficult position of trying decipher the underlying facts that support each alleged violation.
15 (Complaint, ¶¶ 100; 110).

16 **3.  Third Cause of Action (Equal Pay Act)**

17 Plaintiff incorporates by reference the first 98 paragraphs against all Defendants, even
18 though most of the allegations in the first 98 paragraphs are not applicable to an Equal Pay Act
19 claim. (Complaint, ¶ 115). Plaintiff does not include any additional facts within her third cause of
20 action to substantiate her claim. In addition, nearly all of the allegations in the first 98 paragraphs
21 exceed the maximum three-year statute of limitations period for Equal Pay Act claims and are,
22 therefore, time-barred. *See* 29 USC § 255(a) (applying FLSA statute of limitations to EPA claims;
23 an employee must file suit within two years after the alleged violation, or within three years after a
24 "willful" statutory violation).

25 **4.  Fourth Cause of Action (California Fair Employment And Housing Act)**

26 Plaintiff again refers to the first 98 paragraphs in her Complaint. (Complaint, ¶ 121).
27 As with her first cause of action, most of Plaintiff's allegations are time-barred. *See* Gov. Code.
28 § 12960 (DFEH complaint must be filed within one year of the last alleged unlawful action). In

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108
415.433.1940

DEFENDANTS' MOTION TO DISMISS OR FOR A
MORE DEFINITE STATEMENT

CASE NO. CV-08-3031 JSW

5.

addition, Plaintiff's failure to accommodate and failure to engage in the interactive process claims occurred before those sections of the FEHA were passed and are, therefore, barred for this reason as well. (*See* Complaint, ¶¶ 4; 123). In addition, Plaintiff has a <u>five</u> page long paragraph detailing her exhaustive list of how the FEHA has allegedly been violated. (Complaint, ¶ 123).

### 5. Fifth Cause of Action (California Labor Code Section 1197.5)

Plaintiff incorporates the first 98 paragraphs even though most of the allegations in those paragraphs do not deal with Labor Code 1197.5, which prohibits unequal pay based on gender. Even in the few instances where the incorporated paragraphs contain pay-related allegations, such claims are in the distant past and barred by the applicable statute of limitations. *See* Lab. Code § 1197.5 (award of backpay is limited to the period within two years before filing of the complaint, or three years in the case of a "willful violation" of the statute).

## III. ANALYSIS

### A. The Complaint Should Be Dismissed Pursuant To Rule 41(b) Because It Fails To Comply With Rule 8(a) or 8(d)(1)

#### 1. Legal Standard

Rule 41(b) provides that if "the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. PROC. 41(b). Plaintiff has failed to comply with Rule 8(a), which provides that a "short and plain statement of the claim" is required. FED. R. CIV. PROC. 8(a). Plaintiff has also failed to abide by Rule 8(d)(1), which requires that "each allegation must be simple, concise, and direct." FED. R. CIV. PROC. 8(d)(1).

#### 2. Plaintiff's Complaint Does Not Meet The Requirements Of Rule 8

Even though Plaintiff is represented by counsel, her Complaint completely rejects the "traditional pleading style" which prescribes a 'short and plain statement' of basic allegations followed by an outline of each legal claim based on specific allegations of fact." *McHenry, supra,* 84 F.3d at 1176. As required by Rule 8, Plaintiff's Complaint does not feature short and plain statements of her claims, or simple, concise, and direct allegations. Instead, the Complaint repeats immaterial and unnecessary allegations. It also contains incoherent legal theories that fail "to match

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108
415.433.1940

DEFENDANTS' MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT

CASE NO. CV-08-3031 JSW

6.

up the specific factual allegations and the specific legal claims to a specific defendant." *Id.* at 1177. The Ninth Circuit recently re-affirmed the validity of *McHenry* in *Hearns*, 2008 U.S. App. LEXIS 13844, *5 (Although finding that dismissal with prejudice was not proper, the Ninth Circuit stated that a court should dismiss a complaint which contains "immaterial" or "unnecessary" allegations and which does not "state clearly how each and every defendant is alleged to have violated plaintiffs' legal rights," and which fails at "linking their factual allegations to actual legal claims.")

As previously described, Plaintiff meshes the first 98-paragraphs in her Complaint to all five of her causes of action and to all Defendants. Rather than setting forth her case for each of her causes of action, Plaintiff has chosen to write an auto-biographical narrative about her experiences dating back to over 20 years ago. *See McHenry, supra,* 84 F.3d at 1177 (rejecting complaint where it was "mostly an extended narrative of the details of the various activities of plaintiff."). Plaintiff's Complaint forces the Court and Defendants to decipher the hidden meaning behind her allegations, which violates the letter and spirit of Rule 8. *See United States ex rel. Garst v. Lockheed–Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."); *McHenry, supra,* 84 F.3d at 1179–1180 ("Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.").

Notably, Plaintiff's Complaint does not resemble the form complaints in the Federal Rules' Appendix of Forms, which are intended to "illustrate the simplicity and brevity that these rules contemplate." FED. R. CIV. PROC. 84. For instance, the form complaint in Form 9 "fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery. It can be read in seconds and answered in minutes." *McHenry, supra,* 84 F3d at 1178. In contrast, it is not possible to determine who is being sued in Plaintiff's Complaint because she alleges all her causes of action against all Defendants. Plaintiff intermingles legal theories and factual allegations that may apply to one cause of action, but not to another. As a result, it is impossible to determine what facts are merely "background" information, and which facts are claims for discrimination or

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108
415.433.1940

DEFENDANTS' MOTION TO DISMISS OR FOR A
MORE DEFINITE STATEMENT

CASE NO. CV-08-3031 JSW

7.

1 retaliation. It is impossible to determine what "adverse employment actions" Plaintiff alleges were discriminatory or retaliatory. Plaintiff could have easily simplified her Complaint. *See e.g. Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1115 (D.C. Cir. 2000) ("I was turned down for a job because of my race" was enough to state employment discrimination claim).

Moreover, Plaintiff's Complaint is unnecessarily long at 53 pages and 134 paragraphs, which is one factor that may be considered in determining whether to dismiss the Complaint. *Cf. Nevijel v. North Coast Life Ins. Co.,* 651 F.2d 671, 673 (9th Cir. 1981) (dismissing 24-page long complaint); *Schmidt v. Herrmann*, 614 F.2d 1221, 1223-24 (9th Cir. 1980) (dismissing 30-page complaint); *Michaelis v. Nebraska State Bar Ass'n,* 717 F.2d 437, 439 (8th Cir. 1983) (dismissing 98–page amended complaint containing 144 paragraphs).

### 3. Defendants Would Be Severely Prejudiced If They Were Forced To Defend Against Plaintiff's Complaint

It would be highly prejudicial and inefficient to force Defendants to sort out what is pled against each of them through discovery. Such a scenario would force Defendant to possibly spend many months in discovery trying to find out what they are being sued for. The court in *Von Poppenheim v. Portland Boxing & Wrestling Comm'n*, 442 F.2d 1047 (9th Cir. 1971) highlighted the prejudicial impact created by complaints such as Plaintiffs:

> "Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges. As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use a complaint such as the one plaintiffs filed, and must prepare outlines to determine who is being sued for what. Defendants are then put at risk that their outline differs from the judge's, that plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different from what they reasonably expected. "[T]he rights of the defendants to be free from costly and harassing litigation must be considered."

*Id*. at 1054.

Here, the prejudicial impact of forcing Defendants to reply to a verbose and confusing Complaint justifies granting the motion to dismiss. Importantly, the poorly pled nature of Plaintiff's Complaint makes it difficult to separate out the claims that have obvious statute of limitations problems. If Plaintiff's Compliant was properly pled Defendant would be able to make an early

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108
415.433.1940

DEFENDANTS' MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT

CASE NO. CV-08-3031 JSW

8.

determination of its defenses, including any statute of limitations defenses. As the Complaint stands now, Defendant is severely prejudiced in setting forth its defenses and replying to the Complaint, thereby necessitating dismissal with leave to amend.

**B.  In The Event Plaintiff's Complaint Is Not Dismissed, Plaintiff Should Be Required To Submit A More Definite Statement Pursuant To Rule 12(e)**

In the alternative, Plaintiff should be ordered pursuant to Rule 12(e) to submit a more definite statement that eliminates immaterial information and links factual allegations to actual legal claims. Rule 12(e) of the Federal Rules of Civil Procedure provides as follows:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.

As already discussed herein, Plaintiff's Complaint is vague and ambiguous and makes it nearly impossible for Defendants to prepare a response. If the Court declines to dismiss the Complaint pursuant to Rule 41(b), it should order Plaintiff to file a more definite statement pursuant to Rule 12(e). *See Branch v. Tunnell*, 937 F.2d 1382, 1386 (9th Cir. 1991) (ordering editing of complaint and noting that the "purpose of the court system is not, after all, to provide a forum for storytelling or political griping, but to resolve legal disputes.").

## IV.  CONCLUSION

Plaintiff's Complaint is severely defective and must be altered so that Defendants can prepare a response. Defendants have requested that Plaintiff amend her Complaint without Court intervention, but Plaintiff has refused to do so. The Court should, therefore, dismiss Plaintiff's Complaint with leave to amend pursuant to Rule 41(b), or in the alternative, order Plaintiff to file a more definite statement, pursuant to Rule 12(e).

Date:  August 15, 2008                                LITTLER MENDELSON

By:  */s/ Lindbergh Porter, Jr.*
LINDBERGH PORTER
NEVILLE F. FERNANDES
Attorneys for Defendants
HEARST CORPORATION AND HEARST COMMUNICATIONS, INC. dba HEARST NEWSPAPERS

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108
415.433.1940

DEFENDANTS' MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT          CASE NO. CV-08-3031 JSW

9.