**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHA GINSBURG,<br><br>   Plaintiff,<br><br>   v.<br><br>HEARST COMMUNICATIONS INC., et al.,<br><br>   Defendants.<br>_____/ | No. 08-03031 JSW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT** |

**INTRODUCTION**

Now before the Court for consideration is the Motion to Dismiss Pursuant to FRCP 41(b), or in the Alternative, for a More Definite Statement Pursuant to FRCP 12(e) filed by Defendants, Hearst Communications, Inc., Hearst Corporation, and Hearst Newspapers ("Defendants"). Having considered the parties' papers, relevant legal authority, and the record in this case, the Court finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L. R. 7-1(b). Accordingly, the hearing set for October 17, 2008 is VACATED, and, for the reasons set forth herein, the Court HEREBY GRANTS IN PART AND DENIES IN PART Plaintiff's motion.

**BACKGROUND**

Plaintiff, Marsha Ginsburg ("Plaintiff"), began working for the *San Francisco Examiner* (the "*Examiner*") in 1984. (Compl. ¶ 13.) In 2000, the *Examiner* merged with the *San Francisco Chronicle* (the "*Chronicle*"). (*Id.* ¶ 33.) Plaintiff continued to work for the

United States District Court
For the Northern District of California

1 *Chronicle* until July 2007, "when she was informed by defendants she was being laid off
2 effective immediately." (*Id.* ¶ 14.) Plaintiff alleges that the Defendants discriminated against
3 her when they terminated her employment based on her age and gender. Plaintiff also alleges
4 that her termination was in retaliation for engaging in protected activity. (*See, e.g.,* Compl. ¶¶
5 100-101.) Plaintiff asserts five causes of action against the Defendants[1]: (1) Violation of Title
6 VII (42 U.S.C. §§ 2000e-2, 2000e-3); (2) Violation of Age Discrimination in Employment Act;
7 (3) Violation of 29 U.S.C. §206(d) (Equal Pay Act); (4) Violation of California's Fair Housing
8 and Employment Act ("FEHA")[2]; and (5) Violations of California Labor Code § 1197.5.
9     Plaintiff's Complaint is 52 pages long and consists of 134 paragraphs. Paragraphs 15
10 through 98 set forth the facts which form the basis for Plaintiff's claims against the Defendants.
11 Plaintiff also alleges, generally, that she has complied with all administrative requirements and
12 that she filed the Complaint in a timely manner. (Compl. ¶¶ 99, 109, 122.)

**ANALYSIS**

14     Defendants move to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure
15 41(b), and argue that Plaintiff has not complied with Rules 8(a) and 8(d). If "the plaintiff fails
16 to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the
17 action or any claim against it." Fed. R. Civ. P. 41(b). Rules 8(a) and 8(d), require that a
18 Complaint set forth "a short and plain statement of the claim," and that each allegation "be
19 simple, concise and direct."

20     Defendants argue that they cannot respond to the Complaint because it does not clearly
21 link up the factual allegations to each Defendant. Defendants also argue that many of the events

---

[1] In her opposition, Plaintiff makes clear that she contends each Defendant is responsible for all of the actions alleged in the Complaint "because, including, without limitation, they each had an employer-type relationship with defendants." (Opp. Br. at 1:15-18.) Assuming this latter reference to the defendants is not a typographical error, it would appear that Plaintiffs contend that each of the Defendants is liable to her based on their corporate relationship. (*See also* Compl. ¶¶ 9-11.) If the reference is a typographical error, then it is clear that Plaintiff asserts that Defendants are liable because they each acted as her employer. (*Id.*)

[2] According to the caption, Plaintiff bases this claim on retaliation and sex, age and disability discrimination and alleges that Defendants denied her reasonable accommodations and failed to engaged in a good faith interactive process.

2

would be time barred, and, therefore, they are prejudiced because they cannot adequately assert a statute of limitations defense. Defendants argue that Plaintiff's Complaint "mirrors" the complaint dismissed in *McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996) and that it is "more verbose, disorganized, and confusing" than the Complaint in *Hearns v. San Bernadino Police Department*, 530 F.3d 1124 (9th Cir. 2008). (*See* Reply at 3:15-18.)

The Court has read Plaintiff's Complaint in its entirety and disagrees with Defendant's assessment. The Complaint does read like an opening brief on a motion for summary judgment. Further, Plaintiff has included a lengthy section of background facts and events that, if they are not actionable on the basis that they are time barred, might be admissible at trial or on summary judgment to provide context or to establish pretext. However, although Plaintiff's Complaint is prolific in its factual detail, it is coherent and logically organized. *See Hearns*, 530 F.3d at 1130 (concluding that 68 page long complaint did not violate Rule 8(a), even though it contained 42 pages of factual background).

After setting forth the factual underpinning of her claims, Plaintiff then alleges that the Defendants "discriminated against plaintiff because of her sex (female) with respect to the terms and conditions of her employment, including, without limitation as follows," and then proceeds to set forth 19 theories supporting her claim of discrimination. For example, Plaintiff alleges that Defendants discriminated against her in terms of shifts and schedules. In her factual recitation, Plaintiff sets forth factual events regarding an alleged shift change that she believed to be discriminatory. (*See, e.g.,* Compl. ¶¶ 80-83.)

Finally, Plaintiff has organized the events in a chronological fashion. This fact enables the Defendants to assert a statute of limitations defense on Plaintiff's third and fifth causes of action. The chronological recitation of facts would illuminate which events supporting her first, second, and fourth causes of action, will be subject to a limitations, if it was clear from the Complaint when Plaintiff filed administrative complaints. Under Title VII and the ADEA, a plaintiff must file a claim with the EEOC either 180 or 300 days after the alleged unlawful employment practice occurred to bring an action. 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. §

3

1 626(d). Under FEHA, the complainant must file an administrative charge within one year after
2 the alleged unlawful practice occurred. Cal. Gov't Code § 12960.

3 The United States Supreme Court has held that a discrete retaliatory or discriminatory
4 act occurred on the day that it happened. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101,
5 110 (2002). Discrete acts are not actionable if time barred, even when they are related to acts
6 alleged in timely filed charges. *Id*. at 113. Each incident of discrimination and each retaliatory
7 adverse employment decision constitutes a separate actionable unlawful employment practice.
8 *Id*. at 114. Because Plaintiff has not identified the date on which she filed her administrative
9 complaint (or as the case may be, complaints), it is not clear to the Court which of the many
10 discrete acts discussed in the Complaint would be time barred.

11 Although Defendants are not seeking the "drastic" remedy of dismissal with prejudice,
12 and although dismissing with leave to amend is a "less drastic alternative," the Court does not
13 believe dismissal with leave to amend is appropriate in this case. Rather, the Court concludes
14 that Plaintiff should be required to set forth with particularity the date, or dates, on which she
15 filed her administrative complaint(s). That information will then enable Defendants to
16 determine which portions of the Complaint might be subject to a motion to strike or a motion to
17 dismiss premised upon the statute of limitations. Similarly, after receiving this information, the
18 Court would be in a better position of determining which paragraphs, if any, Defendants might
19 be excused from answering. *See Hearns*, 530 F.3d at 1132.

## CONCLUSION

21 For the foregoing reasons, Defendants' motion is GRANTED IN PART AND DENIED
22 IN PART. Plaintiff is HEREBY ORDERED to file a statement outlining when her
23 administrative complaint(s) was filed by no later than October 3, 2008.

24 **IT IS SO ORDERED.**

26 Dated: September 24, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4